IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

BARBARA DIANE LUMPKIN,

      Plaintiff,
 v.            Civil Action No.
               1:14-CV-865 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____

APPEARANCES:      OF COUNSEL:

FOR PLAINTIFF

DOLSON LAW OFFICE    MAGGIE W. McOMBER, ESQ.
126 North Salina St., Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN VERNON NORWOOD, ESQ.
United States Attorney for the  Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on March 25, 2015 during a telephone conference, held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: March 26, 2015
Syracuse, New York

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------x
BARBARA DIANE LUMPKIN,

                         Plaintiff,

vs.                         1:14-CV-865

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------x
```

Transcript of a Decision held during a Telephone Conference on March 25, 2015, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

For Plaintiff:	LAW OFFICES OF STEVEN R. DOLSON
		Attorneys at Law
		126 North Salina Street
		Suite 3B
		Syracuse, New York  13202
		  BY:  MAGGIE W. McOMBER, ESQ.

For Defendant:	SOCIAL SECURITY ADMINISTRATION
		Office of Regional General Counsel
		Region II
		26 Federal Plaza
		Room 3904
		New York, New York  10278
		  BY:  VERNON NORWOOD, ESQ.

*Jodi L. Hibbard, RPR, CRR, CSR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1  (In Chambers, Counsel present by telephone.)

2  THE COURT: Well, I appreciate the excellent oral
3  and written presentations of counsel. As I indicated before,
4  I have a request for judicial review of an administrative
5  determination of the Commissioner.

6  The background of this case is as follows: The
7  plaintiff was born in August of 1960 and is currently 54
8  years of age. She lives with her daughter and family
9  sometimes, although, and it was a little -- she was a little
10  reluctant I think to admit until it was brought out during
11  the hearing, she also takes care of her elderly aunt who
12  suffers from dementia approximately 80 percent of the time.
13  Her past relevant work has included working as a life skills
14  assistant with ARC, an office administrator, an office
15  worker, a receptionist, and a submarine sandwich maker. That
16  is found at various places including 147 of the
17  administrative transcript.

18  She underwent surgery on September 14, 2010 by
19  Dr. Craig Goldberg. She had a right L5-S1 hemilaminectomy
20  and foraminectomy and a discectomy, that's at 290 and 291 of
21  the administrative transcript. After the surgery she was
22  doing well and she was released by Dr. Goldberg to work on
23  November 5, 2010, that's at 291.

24  The situation was exacerbated when she slipped
25  exiting her daughter's pool in or about September of 2011 and

required a trip to the emergency room the next day.  She, since that time, has been on Flexeril and hydrocodone, has seen both Dr. Darah Wright since December of 2010, and saw Dr. Goldberg once in September of 2011.  She has also seen Dr. Peter Bennett and a Dr. Korn.

She underwent magnetic resonance imaging or MRI testing in November of 2011.  That testing did result in findings of some, I will say degenerative situations.  The MRI report indicates a small right paracentral disk protrusion and enhancement causing right lateral recess stenosis at L5-S1, status post right laminectomy and discectomy, a sacral cyst which causes slight mass effect on the right S1 nerve root sleeve, a small left foraminal annular tear of the L3-L4 disk, and mild degeneration of the L4-L5 disk.

She has visited with various of her treating sources who from time to time have observed decreased range of motion and tenderness in her back although it was -- it has alternatively been reported that her pain is well controlled by medication.

As counsel has noted, there was a medical source statement issued by Dr. Wright in August of 2012 at 281, 282 that was very restrictive and inconsistent with a finding of light work.

Procedurally, the plaintiff applied for Disability

1  Insurance benefits in September of 2011, alleging an onset
2  date of June 7, 2010.  The hearing was conducted on
3  November 28, 2012 by Administrative Law Judge Arthur Patane.
4  Judge Patane issued the decision on January 25, 2013, in
5  which he concluded that plaintiff retains residual functional
6  capacity to perform a full range of light work, and concluded
7  that she is capable of performing her past relevant work as a
8  receptionist.  The ALJ therefore determined she was not
9  disabled at the relevant times.
10              The ALJ's decision became final determination of
11 the agency when, on June 4, 2014, the Social Security
12 Administrative Appeals Council denied review.
13              The standard of review, as you know, is extremely
14 deferential.  I am required to determine whether proper legal
15 principles were applied and the decision is supported by
16 substantial evidence.  The Supreme Court has defined
17 substantial evidence as "such relevant evidence as a
18 reasonable mind might accept as adequate to support a
19 conclusion."
20              The first argument that counsel has made concerns
21 the rejection of the treating source assessment statement
22 from Dr. Wright.  I find that that, the rejection of that was
23 proper and that it was well explained.  The extreme
24 lift-and-carry limitations in particular of Dr. Wright are
25 inconsistent with and directly contradicted by testimony and

1  statements of the plaintiff concerning her ability to lift
2  and carry. As I indicated in my -- during the oral argument,
3  statements were made during the hearing at page 31 that
4  plaintiff can lift 30 pounds, at page 137; 139 she stated she
5  can lift 20 pounds; in June of 2010 she stated she can lift
6  25 pounds, that's at 194; in November of 2011 she stated she
7  could do light duty, that's at 288, and there are several
8  other references. Dr. Korn notes that she stated she was in
9  good health in February of 2012 and can lift up to 25 pounds.
10  The issue I have here, quite honestly, is that
11  there is absolutely no medical evidence that specifically
12  states what plaintiff's limitations are concerning sit-stand
13  and the number of days she would be absent, if you discount
14  Dr. Wright's opinions, you're left with nothing.
15  I read with great interest the case that was cited,
16  *Walker v. Astrue*, and it was actually cited I think by the
17  Commissioner, from the Western District of New York at 2010
18  WL 2629832, it was from June 11, 2010, and I found this to be
19  an extremely similar case. In that case the judge concluded
20  that because of the limited evidence in the record concerning
21  plaintiff's functional limitations, the ALJ should have
22  ordered a consultative examination or attempted to recontact
23  plaintiff's treating physicians to complete the record, and I
24  was persuaded that that's the case here as well.
25  The -- I know the plaintiff has asked for a remand

1  with a directed finding of disability.  I don't find any
2  persuasive evidence of disability and I am convinced that in
3  the end, when a consultative exam is ordered and proper
4  medical evidence adduced, she will be found not to be
5  disabled, but I cannot say that there is substantial evidence
6  in the record to support the ALJ's conclusion.  I think a
7  consultative examination should have been ordered, and so I
8  will therefore grant judgment on the pleadings to the
9  plaintiff and vacate the Commissioner's determination and
10 remand for further proceedings, including scheduling of a
11 consultative examination.
12         Again, I appreciate oral argument this afternoon
13 and I hope you have a good afternoon, thank you.
14         MS. McOMBER:  Thank you.
15         MR. NORWOOD:  You're welcome.
16              (Proceedings Adjourned, 4:07 p.m.)

```
1         CERTIFICATE OF OFFICIAL REPORTER
2
3
4         I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                  Dated this 26th day of March, 2015.
17
18
19                  /S/ JODI L. HIBBARD
20                  JODI L. HIBBARD, RPR, CRR, CSR
                    Official U.S. Court Reporter
21
22
23
24
25
```